UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERRY MILLIRON,

    Plaintiff,

    v.                                   CIV. NO. 09-694 BRB/ACT

704 HTL OPERATING, LLC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsider Memorandum Opinion and Order on Defendant's Motion for Sanctions filed July 2, 2010 [Doc. 53]. Defendant did not file a response.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). When such a motion is filed, the Court may consider it under Federal Rule of Civil Procedure 59(e) if it is filed within ten days of the ruling it challenges, or under Rule 60(e) if it is filed after that time period. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied* 506 U.S. 828 (1992). Here, the Plaintiff filed her motion within ten days of the Order she challenges.

The Court has discretion in deciding whether to grant or deny a motion for reconsideration. *Mackey v. IBP, Inc.*, 1996 WL 417513 at *2 (D. Kan. July 22, 1996) (*citing Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1998)). Typically, the Court recognizes any one of three grounds to warrant reconsideration: an intervening change in controlling law, availability of new

evidence, or the need to correct clear error or prevent manifest injustice. *Conley v. McKune*, 2005 WL 58000836 at *1 (D. Kan. Mar. 11, 2005) (*citing Major v.Benton*, 647 F.2d 110, 112 (10th Cir. 1981).  A motion for reconsideration is appropriate where a party demonstrates that the Court misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a motion to reconsider is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id. citing Van Skiver*, 952 F.2d at 1243.  Stated differently, motions under Rule 59 are not intended to provide a litigant with an opportunity for a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3rd Cir. 1995).

   Plaintiff's Motion is without merit.  Plaintiff requests that the Court reconsider the matter on the merits.  As grounds, Plaintiff states that Plaintiff did not file a timely response and failed to notify the Court that Plaintiff's counsel had been given an extension to file her response as required by Local Rule 7.4(a).  D.N.M.LR-Civ. 7.4(a)("For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed.")  In its Memorandum Opinion and Order the Court addressed the merits of Defendant's Motion.  Not withstanding the foregoing failures, nothing in Plaintiff's Motion for Reconsideration changes the Court's ruling on the merits.

   Plaintiff seems to put the blame on the unwarranted deposition on Dr. Maron and counsel for Defendant.  Counsel for Plaintiff states that Dr. Maron did not return her call to set up an appointment.  Counsel for Plaintiff further states that defense counsel "was not required to, but chose to depose Dr. Maron."  Motion for Reconsideration, Doc. 53 at 2.  Plaintiff's counsel asserts that when counsel for the Defendant asked what Dr. Maron was going to say, counsel for Plaintiff,

based on a review of the medical records, responded "[p]robably not much." *Id*. at 3. Plaintiff also asserts that, even though counsel for Plaintiff listed Dr. Maron as an expert witness, "Plaintiff's counsel was unaware as to what Dr. Maron would testify." *Id*. Then, ironically, Plaintiff asserts that she was "obligated to list Dr. Maron to zealously represent(sic) their client." *Id*. at 4. However, counsel for Defendant "clearly could have chosen not to depose Dr. Maron." *Id.*

As the Court stated in its Memorandum Opinion and Order, "Plaintiff failed to comply with the requirements of Rule 26 in submitting an expert witness disclosure that Plaintiff knew or should have known to be improper and then failed to correct the disclosure." [Doc. 52.] Plaintiff's Motion for Reconsideration does not demonstrate that the Court misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete*, 204 F.3d at 1012. Thus, the Motion will be denied

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Memorandum Opinion and Order on Defendant's Motion for Sanctions be denied.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**